UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ORIN TROTMAN,

                              Plaintiff,                                **COMPLAINT**

   -against-                                                  JURY TRIAL DEMANDED

THE CITY OF NEW YORK, JUSTIN A. GOODMAN,
and JOHN DOES,

                              Defendants.
------------------------------------------------------------------------x

       Plaintiff, Orin Trotman, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the defendant's violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

5. Plaintiff Orin Trotman is 46 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings. He is of African American ancestry.

6. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8. Defendants JUSTIN A. GOODMAN and DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of

THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendants GOODMAN and DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants GOODMAN AND DOES are sued individually.

## STATEMENT OF FACTS

9. On March 4, 2022 at approximately 7:32 pm in the County of Kings, New York City police officers GOODMAN and DOES, responded to a call of a domestic dispute at 395 Fountain Avenue.

10. The Defendants placed Mr. Trotman under arrest for various misdemeanor charges related to the domestic dispute. Additionally, the police charged the Plaintiff with obstructing governmental administration and resisting arrest. All of the charges were ultimately dismissed by the criminal court for failure to prosecute.

11. In the process of arresting Mr. Trotman, Defendant Goodman and/or Does, acting in concert, electro-shocked Plaintiff three separate times with a Taser device.

12. Defendants subsequently brought Plaintiff to Brookdale Hospital to remove the six projectile prongs from the Taser; which projectiles left burns about Plaintiff's chest.

13. On March 8, 2022 Plaintiff visited Interfaith Medical Center for chest pain and palpitations apparently related to the prior assault by the Defendants. Plaintiff underwent EKG testing, chest x-rays, pain treatment with Toradol and muscle relaxant.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of federal civil rights under the United States Constitution and 42 U.S.C §§ 1981 and 1983)

14. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

15. By their conduct and actions in assaulting and battering, arresting, imprisoning, and failing to intercede on behalf of Plaintiff and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants GOODMAN and DOES, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

16. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False arrest and false imprisonment)

17. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

18. By the actions described above, defendants GOODMAN and DOES falsely arrested or caused to be falsely arrested plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the United States Constitution, including its Fourth and Fourteenth Amendments.

19. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Liability of Defendant the City of
New York for Constitutional Violations)

20. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

21. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants GOODMAN and DOES had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

22. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants GOODMAN and DOES had de facto policies, practices, customs and usages of failing to properly train,

screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

23. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Excessive Force)

24. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

25. By the actions described above, defendants GOODMAN and DOES used excessive force and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the United States Constitution, including its Fourth and Fourteenth Amendments.

26. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Assault and battery)

27. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

28. Defendants GOODMAN and DOES intentionally assaulted and battered plaintiff. The acts and conduct of the defendants were the direct and proximate cause of physical and emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

29. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorneys' fees;

    e. Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
       January 4, 2023

Respectfully submitted,

**SCOTT G. CERBIN, ESQ., PLLC**
Counsel for the Plaintiff

_____
By: Scott G. Cerbin (SC5508)
254 36th Street, Suite C659
Brooklyn, NY 11232
(718) 596-1829
mail@cerbinlaw.com